UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| D&B BOAT RENTALS, Inc. | * | CIVIL ACTION NO |
| | * | DIVISION: |
| VERSUS | * | JUDGE: HON. |
| NATIONAL POLLUTION FUNDS | * | |
| CENTER | * | MAGISTRATE: |
| AND AMERICAN POLLUTION CONTROL CORP | * | |
| * * * * * * * * * * * * * * * * * * * * * * * | * | |

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, D&B Boat Rentals, Inc., who brings the following Complaint against National Pollution Funds Center and AMPOL.

1.

Defendant National Pollution Funds Center is a U.S. Government entity.

2.

Defendant American Pollution Control Corporation (AMPOL) is a Louisiana-based company licensed to do business and doing business in this judicial district.

3.

On or about May 30, 2013, the M/V RICKY B sank on the Outer Continental shelf off the coast of Louisiana.

1

4.

The owners of the M/V RICKY B, D&B Boat Rentals, L.L.C., and its underwriters, engaged multiple companies to address the sinking, including removing the vessel and monitoring for pollution.

5.

D&B Boat Rentals, L.L.C. and its underwriters engaged AMPOL to provide pollution response and security.

6.

AMPOL sent a vessel to monitor the wreck of the M/V RICKY B for pollution.

7.

AMPOL failed to perform the work it was contracted to perform because it did not stay at the wreck of the M/V RICKY B; instead, its vessel tied off at a platform.

8.

AMPOL similarly failed to perform the work it was contracted to perform because it failed to mark the M/V RICKY B adequately.

9.

D&B and D&B's underwriters were required to expend additional funds to locate the M/V RICKY B because of AMPOL's failures.

10.

Following conclusion of the remove of the M/V RICKY B, AMPOL presented $240,488.51 in invoices to D&B and its underwriters, of which D&B and its underwriters paid $164,629.51, but D&B and its underwriters did not pay AMPOL the balance because AMPOL had failed to provide the services contracted-for.

11.

In the meantime, D&B and its underwriters filed suit against Crosby Tugs, L.L.C. in this Court and made AMPOL aware of that underlying suit.

12.

AMPOL submitted its unpaid invoices to the NPFC.

13.

On April 29, 2014, the NPFC approved AMPOL's claim.

14.

In February of 2017, the NPFC sought reimbursement from D&B and its underwriters for the amounts paid to AMPOL.

15.

D&B and its underwriters denied payment to AMPOL because AMPOL had not provided the services contracted-for, requiring D&B and its underwriters to incur significant additional expense, in excess of the amount unpaid to AMPOL as a result of AMPOL's failure.

16.

D&B and its underwriters, through undersigned counsel, explained in writing to the NPFC that and why D&B and its underwriters were not paying AMPOL the disputed amount.

17.

As of today, more than three years have elapsed and, neither the NPFC nor any other body has instituted an action to recoup funds from D&B or its underwriters.

18.

On February 24, 2017, the NPFC sent correspondence to D&B demanding reimbursement of the amounts the NPFC paid to AMPOL.

19.

On August 7, 2017, after receiving the claims file through a FOIA request, D&B and its underwriters sent correspondence to the NPFC outlining why the NPFC's determination to pay AMPOL was arbitrary and capricious, why it lacked due process, and why it was time-barred.

20.

On December 20, 2017, the NPFC responded and indicated its "determination is that NPFC invoice 914014-001-17 dated August 3, 2017, is valid and owing."

21.

As to the NPFC, D&B brings this action under 28 U.S.C. § 2201, the declaratory judgment act.

22.

This Court has subject matter jurisdiction because the controversy involves the United States government, and under the Oil Pollution Act.

23.

Venue and *in personam* jurisdiction are appropriate in this Court because the underlying loss giving rise to this dispute – the sinking of the M/V RICKY B – occurred within this judicial district.

24.

D&B has exhausted its administrative remedies through the denial of its appeal to the NPFC on December 20, 2017.

25.

D&B asks this Court for judgment, holding that the NPFC is time-barred from proceeding against D&B or its underwriters by the three-year statutory limitation in 33 U.S.C. § 2717(f)(4).

26.

D&B further asks this Court for judgment, holding that the NPFC was arbitrary and capricious in its determination that D&B is responsible for the costs owed to AMPOL, for the following reasons:

    a.    The NPFC's delay of more than three years in pursuing D&B, which has prejudiced D&B's ability to present a defense to the claims asserted against it.

    b.    The NPFC's determination that AMPOL's work was compensable.

    c.    The NPFC's failure to undertake an independent analysis of the facts.

    d.    The NPFC's determination that AMPOL's work consists of removal actions within the meaning of 33 CFR 136.201.

    e.    The NPFC's determination that despite the absence of a federal on-scene coordinator (FOSC), AMPOL's actions were compensable.

    f.    Other reasons that will be proven at trial on the merits.

27.

D&B further asks this Court for judgment, holding that the NPFC's determinations violate D&B's due process rights.

28.

In the alternative, if this Court holds D&B owes the NPFC reimbursement, D&B asks this Court to hold AMPOL in judgment for the amount paid by D&B to the NPFC because AMPOL will have been unjustly enriched by the NPFC, paid for work it did not perform adequately, where performed at all.

29.

D&B further asks this Court for its fees, costs, and any other relief merited by the interests of justice.

Respectfully submitted:

**HARRY MORSE, L.L.C.**

_/s/Harry Morse_____

**HARRY E. MORSE (#31515)**
650 Poydras Street, Suite 2710
New Orleans, LA  70130
Telephone: (504) 799-3141
E-Mail: harry@harrymorse.com
Attorney for Plaintiff, D&B Boat Rentals, Inc.

7