UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**D&B BOAT RENTALS, INC.**                            **CIVIL ACTION**

**VERSUS**                                            **NO. 18-623**

**UNITED STATES OF AMERICA,**                         **SECTION: "B"(5)**
**NATIONAL POLLUTION FUNDS CENTER**

## ORDER AND REASONS

Before the Court are Defendant United States of America through the National Pollution Funds Center's ("NPFC") Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim (Rec. Doc. 16) and Plaintiff D&B Boat Rentals, Inc.'s ("D&B") Response in Opposition (Rec. Doc. 19). Accordingly,

**IT IS ORDERED** that the motion to dismiss is **DENIED**.

**IT IS FURTHER ORDERED** that the NPFC file the administrative record **no later than April 29, 2019.** Parties shall file cross-motions for summary judgment based on that record **no later than May 20, 2019**; opposition memorandum shall be filed **no later than May 28, 2019**; reply memoranda **no later than June 3, 2019.**

**FACTS AND PROCEDURAL HISTORY**

D&B is a Lafayette, Louisiana company. *See* Rec. Doc. 16-1 at 4. It owned OSV RICKY B, a steel-hulled offshore supply vessel built in 1981. *See id.* On May 28, 2013, RICKY B was operating

1

offshore in the Gulf of Mexico when it began to take on water. *See id.* at 1. The next day, May 29, 2013, the crew was forced to abandon the vessel. *See id.* The Coast Guard was called and kept apprised of the situation but was not materially involved. *See* Rec. Doc. 19 at 2. On May 30, 2013, RICKY B sank to the bottom as it was being towed toward land. *See* Rec. Doc. 16-1 at 1.

D&B hired several contractors to monitor the wreck, prevent fuel from leaking from the vessel into the ocean, and salvage the vessel. *See id.* One of the contractors was the American Pollution Control Corporation ("AMPOL"). *See* Rec. Doc. 19 at 2. AMPOL presented $240,488.51 in invoices to D&B and its underwriters. *See* Rec. Doc. 16-1 at 5. D&B and its underwriters paid $164,629.51, stating that the short-payment was warranted because AMPOL did not perform all that it was hired to perform. *See id.* AMPOL then, rather than suing D&B directly in state or federal court, submitted its invoices to the NPFC. *See* Rec. Doc. 19 at 2. D&B submitted a response to the NPFC, stating why AMPOL should not be paid.[1] *See id.* After review of AMPOL's claim, D&B's response, and other materials, the NPFC approved AMPOL's claim. *See* Rec. Doc. 16-1 at 5.

---

[1] Specifically, D&B alleges that AMPOL sent a vessel to monitor the wreck of RICKY B for pollution but AMPOL did not stay at the wreck. AMPOL prematurely left RICKY B and subsequently tied off at a platform. AMPOL also failed to mark RICKY B and D&B and it underwriters had to expend additional funds to locate RICKY B because of AMPOL's failures. *See* Rec. Doc. 9 at 2.

Approximately three year later, the NPFC sent a letter to D&B seeking reimbursement from D&B and its underwriters for the monies paid to AMPOL. *See id*. D&B contested that letter administratively, outlining why AMPOL should not have been paid and pointing out that the statute of limitations had run on the NPFC's reimbursement claim. *See* Rec. Doc. 19 at 3. The NPFC sent D&B another letter stating that it "would reassess its determination in light of the concerns [D&B] raised and stating that the agency would perform an administrative review of its debt determination." Rec. Doc. 16-1 at 6. After that review, the NPFC affirmed its decision. *See id*. Having exhausted administrative remedies, D&B filed this lawsuit. *See* Rec. Doc. 19 at 3. D&B asks this Court for a judgment holding that the NPFC is time-barred from proceeding against D&B or its underwriters; the NPFC was arbitrary and capricious in its determination that D&B is responsible for the costs owed to AMPOL; and the NPFC is violating D&B's due process rights. *See* Rec. Doc. 9 at 5-6. D&B also asks this court for its fee, costs, and any other relief warranted. *See id*. at 6.

On March 30, 2018, D&B filed an amended complaint. *See id*. at 1. On June 15, 2018, the NPFC filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim. *See* Rec. Doc. 16. On July 09, 2018, D&B filed a response in opposition. *See* Rec. Doc. 19. The NPFC did not seek leave to file a reply.

The instant issue is whether D&B sufficiently alleged that it is bringing its cause of action against the NPFC under the Administrative Procedure Act ("APA") to have this Court review the NPFC's determination that AMPOL's claim warranted approval and therefore the sums sought by the NPFC are valid and owing.

**LAW AND ANALYSIS**

**A. 12(b)(1) STANDARD**

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for lack of subject matter jurisdiction. "A 12(b)(1) motion may be appropriate when a plaintiff's claim is barred by sovereign immunity, as well as in the typical situation where a defendant alleges that there is no diversity of citizenship between the parties, jurisdictional amount, and/or the plaintiff's claim does not involve a federal question." *Buck Kreihs Co. v. Ace Fire Underwriters Ins. Co.*, 2004 U.S. Dist. LEXIS 12442 *1, *6 (E.D. La. 2004).

When deciding whether subject matter jurisdiction is lacking, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.* at *7. All uncontroverted allegations of the complaint must be accepted as true. *See id*.

**B. 12(b)(6) STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. The purpose of this rule is to facilitate judgment on the merits and requires only notice pleading. *See St. Martin v. Jones*, 2008 U.S. Dist. LEXIS 70896 *1, *20 (E.D. La. 2008).

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint "must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Varela v. Gonzalez*, 773 F.3d 704, 707 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 556 U.S. at 556).

When deciding whether a plaintiff has met his or her burden, a court "accept[s] all well-pleaded factual allegations as true and interpret[s] the complaint in the light most favorable to the plaintiff, but '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements' cannot establish facial plausibility." *Snow Ingredients, Inc. v.*

*SnoWizard, Inc.*, 833 F.3d 512, 520 (5th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678) (some internal citations and quotation marks omitted). Plaintiff must "nudge[] [his or her] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

**C. THE SOVEREIGN IMMUNITY DOCTRINE AND APA**

The United States, as a sovereign, is immune from suit unless it consents to being sued. *See Entergy Servs. v. United States DOL*, 2014 U.S. Dist. LEXIS 183517 *1, *44 (E.D. La. 2014). A waiver of sovereign immunity cannot be implied but must be unequivocally expressed. *See Dresser v. Ingolia*, 2007 U.S. Dist. LEXIS 83118 *1, *16 (E.D. La. 2007) citing to *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95 (1990). The APA, which empowers courts to reverse agency action that is arbitrary and capricious, expressly and unequivocally provides that, where a plaintiff brings an action that alleges that an agency acted or failed to act, that action shall not be dismissed on the ground that that action is against the United States. *See* 5 U.S.C. § 702; *Alenco Communs., Inc. v. FCC*, 201 F.3d 608, 610 (5th Cir. 2000) citing to 5 U.S.C. § 706. Pursuant to the APA, courts shall review the administrative record to determine whether the challenged agency action was arbitrary and capricious or otherwise not in accordance with law. *See* 5 U.S.C. § 706; *Harris v. United States*, 19 F.3d 1090, 1096 (5th Cir. 1997).

**D. NPFC's MOTION TO DISMISS FAILS**

D&B says enough in its complaint to give the NPFC fair notice of what D&B's claim is and the grounds upon which it rests. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007) citing to *Dura Pharmaceuticals Inc. v. Broudo*, 125 Ct. 1627 (2005); *see also* FED. R. CIV. P. 8(a)(2). It is clear that NPFC has fair notice of D&B's claim as the NPFC notes in its motion that it possible that the APA might supply the necessary sovereign immunity waiver in this case. *See* Rec. Doc. 16 at 1 (". . . the United States would not object were the Court, in its discretion, to allow D&B leave to amend its complaint to identify the APA as the waiver of sovereign immunity on which it relies."). D&B does not need to seek leave to amend its complaint to identify the APA because the absence of a particular term from a plaintiff's complaint does not, in itself, merit dismissal. *See St. Martin*, 2008 U.S. Dist. LEXIS 70896 at *20. D&B seeks, amongst under things, a judgment holding that that NPFC was arbitrary and capricious in its determination that D&B is responsible for certain cost. *See* Rec. Doc. 9 at 5. This is sufficient as D&B meets the terms of the APA. *See* 5 U.S.C. § 702 (stating that waiver applies when a plaintiff claims that an agency acted or failed to act and seeks relief other than money damages). Accordingly, sovereign immunity is waived, and this Court has subject matter jurisdiction over this action. *See id.*; *Alenco Communs., Inc.*, 201 F.3d at 610 citing to 5 U.S.C.

§ 706. Therefore, this Court will review the NPFC's determination that AMPOL's claim warranted approval and therefore the sums sought by the NPFC are due.

New Orleans, Louisiana, this 27th day of March, 2019.

_____
SENIOR UNITED STATES DISTRICT JUDGE